UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GRANDEYE, LTD., | Case No. 1:05-mc-73 |
| Plaintiff, | Magistrate Judge Timothy S. Black |
| vs. | |
| IPIX CORPORATION, | |
| Defendant. | **ORDER** |

This matter is before the Court on a motion by defendant IPIX Corporation ("IPIX") to compel plaintiff Grandeye, Ltd. ("Grandeye) and its counsel to produce certain documents relating to their communications with a nonparty, Dr. Ernest L. Hall ("Dr. Hall") and to compel Dr. Hall to testify with respect to those documents. (Doc. 1.) For the reasons that follow, the motion is **DENIED**.

**I.  BACKGROUND**

The discrete discovery dispute presently pending before this Court relates to an underlying patent infringement case pending in the United States District Court for the Eastern District of Virginia. *Grandeye, Ltd. v. IPIX Corp*., No. 2:05cv134 (E.D. Va. *filed* Mar. 4, 2005). In the underlying litigation, Grandeye is seeking a declaratory judgment that its "fish-eye" security cameras do not infringe any of the claims in patents held by IPIX. IPIX is the holder of certain patents relating generally to a method for correcting the image distortion that is normally caused by a fish-eye lens so that the image appears

more normal to the human eye.

On June 21, 2005, IPIX caused to be issued a subpoena of this Court commanding Dr. Hall, a resident of Cincinnati, Ohio, to appear for a deposition and to produce all documents relating to his role as a consultant for Grandeye in another civil action, pending in the Eastern District of Tennessee, which also concerns IPIX's patents, *Internet Pictures Corp. v. Ford Oxaal and Minds-Eye-View, Inc.*, No. 3:03-CV-317 (E.D. Tenn.). (*See* Doc 1-6 at 16.) Dr. Hall testified at his deposition that he had been retained by Grandeye's counsel as a consultant in both the Tennessee and Virginia matters. (*See* Doc. 1-2 at 5, 9 (Hall Dep. at 18-19, 33).) Dr. Hall also testified that he had produced certain documents in response to the subpoena and, about one week before the deposition, had delivered those documents to Grandeye's counsel. (*See id.* at 7, 8 (Hall Dep. at 26, 29).) Grandeye's counsel subsequently prepared a privilege log claiming that the documents produced by Dr. Hall were protected by the attorney-client privilege and by the work product doctrine. (Doc. 1-6 at 9-14.)

On September 2, 2005, IPIX filed the instant motion to compel Grandeye and its counsel to produce the Hall documents and to compel Dr. Hall to testify as to those documents.

Grandeye and Dr. Hall oppose the motion on grounds that: (1) the motion to compel is procedurally defective; and (2) the documents are privileged. (Doc. 4.)

**II. DISCUSSION**

A. Whether IPIX's Motion Is Procedurally Defective

Grandeye argues first that the motion to compel is defective because no subpoena has been issued to Grandeye or its counsel, and because neither Grandeye nor its counsel are located "in the state of Tennessee, nor within 100 miles of this Court." (Doc. 4 at 1.)

Review of the documents reveals that Dr. Hall, to whom the subpoena was issued, resides in Cincinnati, which is within the Southern District of Ohio. (*See* Doc 1-6 at 16.) Thus, the motion to compel the production of documents pursuant to the subpoena is properly before this Court. *See* Fed. R. Civ. P. 45(b)(2). However, in the absence of any evidence that Grandeye was served with a request under Fed. R. Civ. P. 34(a), or that counsel was served with a subpoena to produce the documents now in their custody, the Court cannot compel Grandeye or its counsel to any action relating to the discovery dispute.

Thus, the motion is defective as to Grandeye and its counsel.

B. Whether The Documents Are Privileged

Both Dr. Hall and Grandeye oppose the motion to compel.[1]

As a general rule, a party (such as Grandeye) lacks standing to object to a subpoena served on a nonparty (such as Dr. Hall) unless the party has "some personal

---

[1] IPIX's contention that Dr. Hall has not opposed the motion is not well-taken. The memorandum in opposition clearly states that it was filed on behalf of Dr. Hall. (*See* Doc. 4 at 1.) Moreover, IPIX's contention that Grandeye's counsel, the law firm of Adducci, Mastriani & Schaumberg, L.L.P., does not represent Dr. Hall is inconsistent with IPIX's certificate of service showing that IPIX determined to serve the motion only on counsel and that it did not serve a copy on the allegedly unrepresented Dr. Hall. (*See* Doc. 1 at 8.) If in fact Dr. Hall is not represented by this law firm, the motion is defective as to Dr. Hall who, in that instance, has not been served.

right or privilege in respect to the subject matter sought in the subpoena duces tecum directed to a nonparty." *Dart Indus., Inc. v. Liquid Nitrogen Processing Corp. of Cal.*, 50 F.R.D. 286, 291 (D. Del. 1970).

Because Grandeye is asserting a privilege with respect to the Hall documents, the Court finds that Grandeye has standing to oppose the motion to compel on behalf of Dr. Hall, in addition to Dr. Hall's own claims of privilege.

    1. Attorney-Client Privilege

The Sixth Circuit has set out the following elements of the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client (6) are at his instance permanently protected (7) from disclosure by himself or the legal adviser, (8) unless the protection is waived.

*Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir.), *cert. denied*, 525 U.S. 820 (1998). The burden of proving the existence of the privilege is on the person or party asserting it. *See In re Columbia/Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 294 (6th Cir. 2002), *cert. dismissed sub nom. HCA, Inc. v. Tennessee Laborers Health & Welfare Fund*, 539 U.S. 977 (2003).

Grandeye cannot show that it is entitled to the attorney-client privilege with respect to the documents sought by IPIX because the alleged communications, *i.e.*, the documents, were not made by Grandeye but by Dr. Hall.

Dr. Hall cannot meet his burden of showing that the privilege exists as to these

documents because he does not assert and has not shown that the documents were disclosed in relation to his seeking any legal advice. Rather, as specified on the privilege log and as explained by Dr. Hall, the documents were prepared in 2003 in anticipation or furtherance of litigation after Dr. Hall was hired as a consultant with respect to the Tennessee action. (*See* Doc. 1-2 at 6 (Hall Dep. at 21-22); Doc. 1-6 at 9-13.) While Dr. Hall eventually sought legal advice from Grandeye's counsel, Dr. Hall testified that he sought the firm's aid in matters unrelated to the IPIX patents. (*See* Doc. 1-2 at 6 (Hall Dep. at 21-22).)

In sum, neither Grandeye nor Dr. Hall has shown the existence of an attorney-client privilege with respect to the challenged documents.

2. Work-Product Doctrine

Alternatively, Grandeye argues that Dr. Hall's documents are protected from discovery through the work-product doctrine.

The work product doctrine is not limited to material reflecting an attorney's mental impressions, opinions, conclusions, judgments, or legal theories, but also protects "any document prepared in anticipation of litigation . . . for the attorney." *In re Columbia/ Healthcare Corp. Billing Practices Litig.*, 293 F.3d at 304. In the context of patent litigation, the work product doctrine, as codified in Fed. R. Civ. P. 26, protects communications with technical consultants. *See Cornell Research Found. v. Hewlett Packard Co.*, 223 F.R.D. 55, 78 (N.D.N.Y. 2003).

Rule 26 provides that discovery is generally not permitted with respect to the

opinions of expert consultants who have not been hired to testify at trial, barring exceptional circumstances. *Id.* (citing Fed. R. Civ. P. 26(b)(4)(B); *United States v. 215.7 Acres of Land, More or Less*, 719 F. Supp. 273, 280 (D. Del. 1989)); *see also Toledo Edison Co. v. G.A. Techs., Inc., Torrey Pines Tech. Div.,* 847 F.2d 335, 339-40 (6th Cir. 1988).

    3.  Waiver

In support of its claim that circumstances exist to warrant disclosure, IPIX maintains that any privilege that may arguably exist has been waived because Dr. Hall testified as an expert witness in the action pending in the Eastern District of Tennessee.

The Court agrees that *if* Dr. Hall testified as an expert at trial with respect to the matters to which the documents relate, the work product doctrine would not provide protection from their disclosure. *See* Fed. R. Civ. P. 26(b)(4)(A). The Sixth Circuit has rejected the concept of selective waiver and has held that once a privilege is waived, the waiver is complete and final. *In re Columbia/Healthcare Corp. Billing Practices Litig.*, 293 F.3d at 307.

Nonetheless, contrary to IPIX's assertions, the record before the Court does not support a finding that Dr. Hall has been identified as a testifying expert in either the Virginia or Tennessee actions. Moreover, Dr. Hall's deposition indicates that he has never given any testimony as an expert in a patent or trade secret case. (*See* Doc. 1-2 at 4 (Hall. Dep. at 13).)

The Court finds that to the extent any privilege exists, that the privilege has not

been waived, and that IPIX has not met its burden of showing exceptional circumstances to warrant disclosure.

**IT IS THEREFORE ORDERED THAT:**

IPIX Corporation's motion to compel discovery (Doc. 1) is **DENIED**.

**IT IS SO ORDERED.**


Date:   10/7/05                                    s/Timothy S. Black
                                                    Timothy S. Black
                                                    United States Magistrate Judge